1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

UNITED STATES OF AMERICA,

CASE NO. CR05-5352RJB

Plaintiff,

ORDER DENYING MOTION

12

v.

13

MICHAEL KOCH,

14

Defendant.

15

16

17

This matter comes before the Court on Defendant's *pro se* Motion to Perpetuate Testimony Before Bringing Action Pursuant to FRCP 27(a) (Dkt. 93).  The Court has considered documents filed in support of and in opposition to the motion and the contents of the files and is fully advised.

18

19

20

Defendant's motion should be denied, based on his showing and the language of FRCP 27, for the following reasons:

21

22

First, Defendant's showing is unclear as to the relief he seeks, and what he "wants to establish by reasons for the proposed testimony and the reasons to perpetuate it."  FRCP

23

24

27(a)(1)(C) .  Some findings that he proposes would not be of great benefit when his proposed *coram nobis* petition may be filed in 2033.  Some of the proposed evidence has been the subject of previous post-trial motions, and rulings.

Second, Defendant's showing of whom he may want to join as adverse parties is unclear (FRCP 27 (a)(1)(D)).

Third, the "expected substance of the testimony of each deponent" (FRCP 27(a)(1)(E)), as Defendant describes it, is investigatory rather than factual.  FRCP depositions are designed to identify and prove facts known, not to open investigations into unknown areas of facts.  *See Nevada v O'Leary,* 63 F. 3d 932 (9th Cir. 1995).

Considering Defendant's showing with FRCP 27, it appears to the Court that it not "satisfied that perpetuating the testimony may prevent failure or delay of justice."  FRCP 27(a)(3).  Accordingly, the motion should be denied.

There appears to be even more reasons to deny Defendant's motion. The law indicates that if any *coram nobis* petition filed would fail, the depositions and property submissions Defendant requests should be denied.

To qualify for *coram nobis* relief, a defendant must show four things:
(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*United States v. Riedl*, 496 F.3d 1003,1006 (quoting *United States v. Hirabayashi*, 828 F.2d 591, 604 (9th Cir. 1987)).  "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

The record shows that a more usual remedy was available.  (*See* Defendant's post-trial motions; 28 U.S.C. § 2241, second petition under 28 U.S.C. § 2255, suit under 42 U.S.C. § 1983,

second petition under 28 U.S.C. 2241, petition for writ of mandamus, motion to dismiss the information, motion pursuant to FRCP 60 (d)(1) & (3), fourth habeas petition, and motion pursuant to 18 U.S.C. § 3582.)  Defendant had plenty of time in the past to raise the issues argued in his current motion.

There is no showing of reasons to fail to attack Defendant's conviction earlier.

There is no showing of adverse consequences from Defendant's conviction sufficient to satisfy Article III.

There is no showing of error that is most fundamental.

Defendant's proposed motion under *coram nobis* is subject to denial and there is no evidence of a showing of possible success for the proposed motion.  Accordingly, Defendant's Motion to Perpetuate Testimony Before Bringing Action Pursuant to FRCP 27(a) must be denied.  The documentary production that Defendant requests fails for the same reasons that apply to depositions.

IT IS NOW

ORDERED that Defendant's Motion to Perpetuate Testimony Before Bringing Action Pursuant to FRCP 27(a) (Dkt. 93) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of October, 2023.

ROBERT J. BRYAN
United States District Judge